**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint motion to amend the scheduling order. (Doc. 79.) For the reasons set forth below, the motion will be granted in part and denied in part.

**BACKGROUND**

The complaint in this case was filed in December 2017. (Doc. 1.) In their Rule 26(f) report, the parties asked the Court to set a discovery deadline of November 2, 2018, and a dispositive motion deadline of March 29, 2019. (Doc. 50.) The Court accepted this proposal in significant part and issued a Case Management Order that set a discovery deadline of November 1, 2018. (Doc. 56.) The Case Management Order also set August 1, 2018, as the deadline for amending the pleadings and December 2, 2018, as the dispositive motion deadline. (Doc. 56.) Finally, the Case Management Order included the following cautionary note: "<u>The Deadlines Are Real</u>. The parties are advised that the Court intends to enforce the deadlines set forth in this order, and they should plan their

litigation activities accordingly." (Doc. 56 at 5, emphasis in original.)

In early August 2018, a new law firm, Tiffany & Bosco, made an appearance on behalf of one defendant. (Doc. 63.) Tiffany & Bosco then appeared on behalf of the other four defendants in mid-September 2018. (Doc. 73).

**ANALYSIS**

The instant motion (Doc. 79) was filed on the eve of the discovery deadline. It asks the Court to extend the deadline for amending the pleadings until November 30, 2018, to extend the discovery deadline until March 2, 2019, and to extend the dispositive motion deadline until May 3, 2019. In support of this request, the parties contend (1) "[t]he discovery process in general has taken longer than expected" due to Plaintiff's difficulty in obtaining her own medical records and due to the "tedious" process of reviewing the 50,000 or so pages of discovery, and (2) "Defendants have recently retained new counsel . . . who need time to get up to speed on the litigation." (Doc. 79 at 2.)

These explanations do not strike the Court as the sort of "good cause" required to modify a scheduling order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the parties were specifically advised in the Case Management Order that "The Deadlines Are Real." It was their responsibility to budget enough time to review discovery as it was being produced, even if the volume of discovery material was relatively high, and to issue follow-up discovery demands with an eye toward complying with the November 1, 2018 discovery cut-off date.

Nor is the Court convinced that the retention of "new" defense counsel constitutes good cause to amend the scheduling order. The docket reflects that "new" counsel made

their first appearance in this case nearly three months ago. *Cf. Johns v. AutoNation USA Corp.*, 246 F.R.D. 608, 610 (D. Ariz. 2006) ("Defendants' only attempt to explain the delay in seeking to amend their answer is that they retained new counsel . . . . But Defendants waited four months after the substitution of counsel to request leave to amend. . . . [T]he four month delay after new counsel was obtained shows Defendants were not diligent.").

It is also notable that the joint motion doesn't even attempt to explain why the deadline for amending the pleadings—which expired three months ago—should be reset for a month from now.

For all of these reasons, the Court strongly considered issuing an across-the-board denial of the joint motion to amend. Nevertheless, recognizing that such a result would be harsh (and that the case was recently transferred between judges), the Court will agree to grant some of the relief requested by the parties. Specifically, although the Court will deny the request to extend the deadline for amending the pleadings, it will agree to extend the discovery deadline by two months (to January 4, 2019) and to reset the dispositive motion deadline for one month after the close of discovery (to February 8, 2019). The parties are reminded, once again, that "The Deadlines Are Real."

Accordingly, **IT IS ORDERED** that the joint motion to amend the scheduling order (Doc. 79) is **GRANTED IN PART AND DENIED IN PART**.

Dated this 6th day of November, 2018.

Dominic W. Lanza
United States District Judge