**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>    Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>    Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court are the Joint Motion to Seal Exhibits to Plaintiff/Counter-Defendants' Motion for Summary Judgment (Doc. 127) and the Joint Motion to Seal Exhibits to Defendants' Motion for Partial Summary Judgment (Doc. 130). For the reasons stated below, both motions are denied without prejudice.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for

its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for full or partial summary judgment is clearly such a motion, and the parties recognize that the "compelling reasons" standard applies to the documents they seek leave to seal. (Doc. 127 at 1; Doc. 130 at 2.)

The parties have asked the Court to order that Plaintiff/Counter-Defendants may lodge Plaintiffs' Exhibits 5, 16-19, 23- 29, 32, 34-37, 41, 43-44, and 51 under seal. (Doc. 127 at 3.) The parties described the documents in broad strokes, but for most of the documents, the only reason provided to the Court to justify sealing them was that "[t]he parties believe that the sensitive nature of this personal and business information presents compelling reasons to seal these exhibits." (*Id.* at 2.) The Court cannot draw any factual conclusions from this vague, generalized statement. The parties noted that "a non-party" was promised that two of the documents (Exhibits 41 and 44) would not become public, and an additional document (Exhibit 34) "contains an express confidentiality provision." (*Id.*) The Court does not find these to be compelling reasons to seal these documents.

The parties have also asked the Court to order that Defendants may lodge a slew of exhibits, which were not separately listed but rather included in a chart containing some exhibits which the parties wished to have leave to file under seal and others that the parties to do not seek to have sealed. (Doc. 130 at 2, Exh. A.) The parties give no reason for sealing any of these documents, other than the same vague, generalized statement that "[t]he parties believe that the sensitive nature of this personal and business information presents compelling reasons to seal these exhibits." (*Id.* at 2.)

The parties have not attempted to "*articulate compelling reasons* supported by *specific factual findings* that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178-79 (emphasis added). Moreover,

the Court notes that at least some of the exhibits the parties seek leave to file under seal seem so innocuous that the Court wonders what interest the parties have in maintaining secrecy. (*See, e.g.*, Doc. 130 at Exh. 70.)

Thus, the motions are denied without prejudice. To the extent that the parties wish to try again, they must include—for *each* document they wish to file under seal—a specific description of the document and compelling reasons for sealing that document, supported by specific facts. The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents. Furthermore, any proposed order granting relief should *list* the exhibits the parties seek leave to seal, rather than referencing the motion or an exhibit to the motion.

Accordingly,

**IT IS ORDERED** denying without prejudice the Joint Motion to Seal Exhibits to Plaintiff/Counter-Defendants' Motion for Summary Judgment (Doc. 127) and the Joint Motion to Seal Exhibits to Defendants' Motion for Partial Summary Judgment (Doc. 130).

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal. The Court will extend the time provided by LRCiv 5.6(e) for the parties to act. The parties may, within **15 days** of the entry of this Order, (1) confer and agree to remove the confidential designation from the exhibits previously designated confidential, and refile the motions for summary judgment, containing all exhibits in unsealed form, in the public record, (2) file new drafts of the motions for summary judgment in the public record, including and relying on only those exhibits that are not designated confidential, or (3) file new joint motions to seal that conform with the requirements delineated herein.

Dated this 14th day of February, 2019.

_____
Dominic W. Lanza
United States District Judge