**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>            Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>            Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court are the Parties' Joint Motion to Seal Exhibit 68 to Defendants' Refiled Motion for Partial Summary Judgment (Doc. 144), Defendants' unopposed Motion to Seal Exhibits 6A and 7A to Defendants' Refiled Motion for Partial Summary Judgment (Doc. 145), and Plaintiff/Counter-Defendants' Motion to Seal or Strike Page 70 of Docket #128-1 and Page 47 of Docket #128-2 (Doc. 148). For the following reasons, the Court will grant all three motions.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks

omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A motion for full or partial summary judgment is clearly such a motion.

Exhibit 68 to Defendants' refiled motion for partial summary judgment contains 53 pages of Kim Cramton's medical records, providing many details of her medical history that exceed the scope of this case. (Doc. 144 at 3.) The Court has balanced the public's interest in accessing judicial documents against Cramton's interest in privacy and hereby determines that compelling reasons exist for sealing this exhibit. The medical records contain a great deal of sensitive and private information about her health, beyond just the information relevant to the case. The public's interest in knowing intimate details of Cramton's health beyond the scope of this case is minimal, and Cramton's interest in keeping them private is significant. *Cf. Aguilar v. Koehn*, 2018 WL 4839021, *2 (D. Nev. 2018) ("While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records."). The Court therefore finds it appropriate to seal Exhibit 68.

Defendants request leave to file Exhibits 6A and 7A to their Refiled Motion for Partial Summary Judgment under seal, averring that "the information contained in these exhibits is extremely personal and private," noting in a footnote that "Defendants cannot

1  specifically state what the personal and private information is because to do so would
2  obviate the purpose of this Motion." (Doc. 145 at 2, 2 n.1.) The Court has reviewed
3  Exhibits 6A and 7A, which address the sensitive medical condition of one of the parties,
4  and concludes, for the same reasons as noted above with respect to Exhibit 68, that they
5  may be filed under seal.

6       Finally, Plaintiff/Counter-Defendants filed a Motion to Seal or Strike Page 70 of
7  Docket #128-1 and Page 47 of Docket #128-2, in which they state that they "inadvertently
8  attached two pages of . . . testimony designated 'CONFIDENTIAL' by Defendants as
9  exhibits to their previously filed Motion for Summary Judgment (Doc. 128)." (Doc. 148
10 at 2.) As noted by Plaintiff/Counter-Defendants, pursuant to the Court's Protective Order,
11 materials designated "CONFIDENTIAL" by the parties may be filed with the Court only
12 under seal. (Doc. 57 at ¶ 8.) Plaintiff/Counter-Defendants aver that the "disclosure was
13 erroneous and the confidential content of that deposition testimony was not discussed in
14 Plaintiff's Motion," and moreover, "[t]he confidential information has been omitted from
15 Plaintiff's recently re-filed Motion for Summary Judgment." (Doc. 148 at 2.) Because the
16 filing was prohibited by this Court's Protective Order, a motion to strike is appropriate.
17 LRCiv 7.2(m)(1). The Court therefore orders that Docs. 128-1 and 128-2 shall be stricken
18 from the record.

19     Accordingly,

20     **IT IS ORDERED** that the Parties' Joint Motion to Seal Exhibit 68 to Defendant's
21 Refiled Motion for Partial Summary Judgment (Doc. 144) is **GRANTED**. The Clerk of
22 Court shall seal Exhibit 68.

23     **IT IS FURTHER ORDERED** that Defendants' unopposed Motion to Seal
24 Exhibits 6A and 7A to Defendants' Refiled Motion for Partial Summary Judgment (Doc.
25 145) is **GRANTED**. The Clerk of Court shall seal Exhibits 6A and 7A.

26 …
27 …
…
28 …
…

**IT IS FURTHER ORDERED** that Plaintiff/Counter-Defendants' Motion to Seal or Strike Page 70 of Docket #128-1 and Page 47 of Docket #128-2 (Doc. 148) is **GRANTED**. The Clerk of Court shall strike Docs. 128-1 and 128-2 from the record.

Dated this 7th day of March, 2019.

_____
Dominic W. Lanza
United States District Judge