**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>              Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>              Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

      The deposition of Plaintiff Kim Cramton ("Cramton") took place on December 13, 2018. Afterward, Defendants filed a motion asking the Court to authorize three additional hours of deposition time. (Doc. 107.) In this motion, Defendants didn't suggest Cramton had been evasive during her deposition—they simply argued they hadn't been able to cover all of the relevant topics during the seven-hour deposition window. (*Id*.) In an order issued on December 28, 2018, the Court denied Defendants' request, concluding they hadn't demonstrated the "good cause" necessary to justify exceeding the presumptive seven-hour limit on depositions. (Doc. 108.)

      Now pending before the Court is Defendants' motion for reconsideration of the December 28, 2018 order. (Doc. 136.) Defendants' main argument is that, since January 2019, they have come into possession of four categories of information they should have been permitted to utilize when questioning Cramton during her deposition. Defendants further contend that Cramton bears the blame for the belated disclosure of this new information. Finally, Defendants also argue that, although they didn't mention it in their

initial request for more time, Cramton was evasive during her deposition and that evasiveness provides additional reason to grant reconsideration.

Cramton opposes Defendants' request. (Doc. 157.) In a nutshell, she disputes the suggestion that she was at fault for the late disclosures discussed in Defendants' motion and argues that, in any event, Defendants were free to inquire about those topics during her deposition and made a tactical choice not to do so. Cramton also vigorously disputes Defendants' suggestion that she was evasive during her deposition.

The Court concludes that, although not all of Defendants' arguments have merit, they have done enough to demonstrate that "good cause" exists for authorizing three additional hours of deposition time. Defendants' arguments concerning Cramton's minimum wage claim are most persuasive. In her verified MIDP response, Cramton stated that "Defendants did not pay Cramton for any of her employment services from December 1, 2016 until her constructive discharge in September of 2017. *Cramton worked approximately 40 hours or more per week during this time period for which she was not compensated.*" (Doc. 136 at 17, emphasis added.) Elsewhere in the MIDP response, Cramton utilized this 40-hours-per-week figure when calculating her claimed damages of $31,376: "Unpaid wages on Cramton's minimum wage claim in the amount of $15,688 . . . . between January 1 and September 24, 2017, which assumes . . . 38 weeks @ *40 hours per week*/$10 per hour . . .; double that amount per A.R.S. § 23-364, $31,376." (Doc. 136 at 18, emphasis added.) This was apparently the only information Defendants had on this issue at the time they deposed Cramton in December 2018. Yet a few months after her deposition, Cramton authored a declaration claiming that "[i]n 2017, I regularly worked *60-80 hour weeks.*" (Doc. 136 at 22 ¶ 25, emphasis added.) Cramton then submitted this declaration in support of her motion for summary judgment, which argues she is entitled to $54,499 on her minimum wage claim—not $31,376 as stated in her MIDP response— and calculates this figure using a multiplier of "at least 60 hours per week." (Doc. 142 at 13 & n.12.)

These circumstances provide good cause to reopen Cramton's deposition. First,

Cramton utterly fails to explain (let alone justify) why her testimony on this key point diverged so dramatically from the time she verified her MIDP response to the time she completed her post-deposition declaration. In her response brief, she contends her statements on this topic aren't really in conflict because the MIDP response said she worked 40 hours "or more" each week and 60-80 hours is more than 40 hours. (Doc. 157 at 4.) This argument is specious. The MIDP response stated she worked "approximately 40 hours or more." The word "approximately" would be drained of all meaning if a party were allowed to say that "approximately 40 hours" is the same thing as 60-80 hours. Moreover, Cramton doesn't address the fact that she also used this 40-hour figure in the damage-calculation section of the MIDP response. Second, the belated disclosure of this information was prejudicial to Defendants' formulation of their deposition strategy. Defense counsel had no reason to question Cramton during her deposition about the number of hours she worked because this topic seemed to be straightforward and non-controversial (a 40-hour workweek is standard). Thus, counsel could have, for tactical reasons, chosen to focus on other topics during the limited seven-hour deposition block. The new claims contained in Cramton's post-deposition declaration, however, are outside the norm and also may have the effect of substantially increasing Defendants' exposure—Cramton's own calculations suggest that her switch from a 40-hour week to a 60-hour week increased the value of her minimum wage claim by over $23,000 (from $31,376 to $54,499). Accordingly, Defendants should have an opportunity to question Cramton about her new claims.

Defendants' arguments concerning the phone logs also support reopening the deposition. First, Cramton's argument that "Defendants did not issue a discovery request for those records and waited until 2 days before Ms. Cramton's deposition to request them" (Doc. 157 at 5) is unpersuasive. Defendants' RFP Nos. 14 and 17 requested all "documents that relate to any communication" between Cramton and Defendants' employees—a formulation that would encompass call logs documenting phone calls between Cramton and Farrell. Additionally, there's a strong argument these call logs should have been

produced pursuant to the MIDP without the need for a discovery request. Thus, Defendants can't be faulted for failing to obtain the call logs before they deposed Cramton in December 2018. Second, this is another instance where Defendants can persuasively show their deposition strategy would have been different had the call logs been produced before the deposition. The substance of the Cramton-Farrell calls is potentially important in this case and Defendants should have been able to depose Crampton about the calls with the call logs in hand.

Defendants' arguments concerning the Mavros deposition are less compelling. Defendants have long known that the substance of the Cramton-Mavros call was a potentially important issue in this case. Indeed, Cramton provided an interrogatory response in September 2018 recounting her version of this conversation. (Doc. 157 at 4.) Thus, Defendants were free to question Cramton about this conversation during her deposition in December 2018. To be sure, defense counsel's strategy may have been different had counsel already deposed Mavros (whose deposition didn't occur until January 2019), because Mavros's testimony about the phone call differed in potentially significant respects from Cramton's interrogatory response describing the phone call. However, Cramton isn't to blame for the late timing of Mavros's deposition. Accordingly, if this were the only basis on which Defendants were seeking reconsideration, it's unlikely the Court would find that it qualifies as "good cause" for reopening Cramton's deposition. It would be chaos if a party could seek to re-depose all of the witnesses who've already been deposed in a case whenever a later deponent provides new, potentially helpful testimony.

Defendants' arguments concerning the iPhone declaration are unavailing for similar reasons. Defendants have not persuaded the Court that Cramton was at fault for the allegedly late disclosure of information on this topic because they haven't identified any discovery requests that encompassed it.

Finally, Defendants' arguments about Cramton's alleged evasiveness during the original deposition also miss the mark. It must be remembered that Defendants are seeking reconsideration of the denial of their earlier request for additional deposition time. Motions

for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Put another way, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Here, Defendants acknowledge they could have raised Cramton's alleged evasiveness in their original request for more time but "mistakenly decided not to raise this argument in favor of arguments based on the size and complexity of the case." (Doc. 136 at 3.) This concession precludes any request for reconsideration.

Accordingly, **IT IS ORDERED** that:

(1) Defendants' motion for reconsideration (Doc. 136) is **granted**;

(2) Defendants are authorized to depose Cramton for an additional three hours, by May 31, 2019; and

(3) The additional deposition need not be limited to the topics of the minimum wage claim and the Cramton-Farrell calls and may also encompass the topics of the Cramton-Mavros call and the iPhone/iCloud issues.

Dated this 30th day of April, 2019.

Dominic W. Lanza
United States District Judge