IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>          Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>          Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court are Plaintiff's motion to withdraw a portion of her pending motion for summary judgment (Doc. 184) and two motions filed by Defendants to withdraw or strike certain pages from the docket (Docs. 185, 186). All three motions are unopposed. For the following reasons, the Court grants Plaintiff's motion and grants in part Defendants' motions.

Plaintiff "moves to withdraw [her] request for summary judgment with respect to the amount of damages ($56,499) claimed in support of her minimum wage claim." (Doc. 184.) She notes that her she is still moving for summary judgment on this claim with respect to liability. (*Id.*) Given that Defendants do not oppose it, the Court grants the motion.

Defendants state in both their motions that they inadvertently filed on the docket certain documents containing personal and private information. (Doc. 185 at 2; Doc. 186 at 2.) They further note that the Court has already granted them leave to file these same documents under seal. (*Id.*, citing Docs. 149, 151.) They, thus, request that the Court strike

the specific pages containing the personal and private information or strike the documents in their entirety. (Doc. 185 at 3; Doc. 186 at 2-3.)

As an initial matter, the Court notes that striking the documents will not achieve Defendants' desired result—stricken documents remain publicly accessible on the docket. Thus, Defendants should instead have moved for the Court to seal the documents. Defendants have not, however, presented sufficiently compelling reasons to seal any documents in their entirety. As noted in the Court's sealing order, because the public has a general right to inspect judicial records and documents, a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

The Court previously found that documents addressing the sensitive medical condition of one of the parties could be filed under seal. (Doc. 149 at 2-3.) Accordingly, the Court will allow the specific pages addressing that condition to be filed under seal. To effectuate that, the Court will order the Clerk of Court to seal Docs. 132 and 143-4 in their entirety, but Defendants must then refile both these documents with the appropriate redactions. The Court further notes that it previously struck Docs. 128-1 and 128-2 from the docket (Doc. 149 at 3-4), but it should instead have ordered the Clerk of Court to seal those documents. Thus, the Court will so order here and then order Plaintiff to refile those documents with the appropriate redactions.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion to withdraw a portion of her pending motion for summary judgment (Doc. 184) is **granted**;
2. Defendants' motions to withdraw or strike certain pages from the docket (Docs. 185 & 186) are **granted in part** on the grounds stated above;
3. The Clerk of Court shall seal Docs. 128-1, 128-2, 132, and 143-4;
4. Plaintiff shall refile Doc. 128-1 with redactions made to page 70 by July 31, 2019;
5. Plaintiff shall refile Doc. 128-2 with redactions made to page 47 by July 31, 2019;
6. Defendants shall refile Doc. 132 with redactions made to pages 1, 76, 103, and 104 by July 31, 2019; and
7. Defendants shall refile Doc. 143-4 with redactions made to page 51 by July 31, 2019.

Dated this 17th day of July, 2019.

Dominic W. Lanza
United States District Judge