**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>  Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>  Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court is an amended motion to seal filed by Defendants and Counterclaimants Eat Clean Holdings LLC, Eat Clean Operations LLC, Grabbagreen Franchising LLC, and Keely Newman (collectively, "the movants"). (Doc. 224.) For the following reasons, the motion will be denied.

The background for the sealing request is that the movants have filed a motion for sanctions. In that motion, the movants have argued "that relevant evidence in the possession of the Plaintiff was hidden, withheld or destroyed, and that the evidence could not be recovered from other sources through the exercise of reasonable and diligent efforts." (*Id.* at 2.) However, because "[a]ll discovery and disclosure were completed before undersigned counsel was retained," the movants' new attorneys have obtained a declaration from the movants' previous attorney that "describes in detail [the movants'] efforts to obtain the evidence from all sources, including his explanations as to why certain actions were taken and why other actions were not." (*Id.*) According to the movants, this declaration should be filed under seal because "[a]rguably . . . [it] touches upon both

[a]ttorney-client and work product privileged communications regarding decisions and actions by Defendants and [their prior law firm] to find the missing evidence from Plaintiff and from other third-party sources. While the Declaration does not directly reveal any privileged communications, and is not intended as to waive any privileges, it does contain information which [their prior law firm] is required to protect under E.R. 1.6, which is the broader duty to protect client confidentiality." (*Id.*)

This argument is not compelling. As an initial matter, the declaration was not filed on an *ex parte* basis with the Court—it has already been provided to the movants' adversaries in this lawsuit. This means that any expectation of confidentiality has already been extinguished. The Court is aware of no rule that would permit a privileged or confidential communication to retain that status so long as it's only disclosed to one set of outsiders, but not to the rest of the world. Moreover, it seems to the Court that the movants have already (if implicitly) released their prior law firm from any duty to maintain confidentiality by choosing to inject the contents of the declaration into this lawsuit in support of their claims. *See* E.R. 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client *unless the client gives informed consent . . . .*") (emphasis added).

Accordingly, **IT IS ORDERED** that:

(1) The amended motion to seal (Doc. 224) is **denied**; and

(2) Pursuant to LRCiv 5.6(e), the lodged document (Doc. 222-1) will not be filed. The submitting party may, within five days of the entry of this Order, resubmit the document for filing in the public record.

Dated this 16th day of September, 2019.

Dominic W. Lanza
United States District Judge