**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>    Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>    Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court is a motion for reconsideration filed by Defendants Eat Clean Holdings, LLC ("ECH") and Keely Newman ("Keely") (collectively, "Defendants"). (Doc. 249.) For the following reasons, the motion will be denied.

## RELEVANT BACKGROUND

Counts 6-10 of the operative complaint (Doc. 88) all arise from a phone call on September 18, 2017 during which Keely allegedly told Plaintiff Kim Cramton ("Cramton") that a planned sale of Grabbagreen to Kahala had fallen through and that Kahala would not be making any future acquisition offers. Cramton resigned soon after receiving this information—a decision that caused her to forfeit her 18.6% ownership interest in ECH. In fact, Kahala ended up acquiring Grabbagreen in March 2018 for $2.675 million, and Cramton contends that Keely's statement during the phone call was false because Keely knew Kahala remained interested in an acquisition. In Counts 6-10, Cramton seeks, under a variety of tort and contract theories, the 18.6% portion of the Kahala acquisition proceeds she would have received if she hadn't left the company in September 2017.

On March 1, 2019, Defendants filed a motion for summary judgment on Counts 6-10. (Doc. 143.)

On December 23, 2019, the Court issued a 73-page order resolving an array of different motions, including Defendants' motion for summary judgment. (Doc. 247.) As relevant here, the Court granted summary judgment to Defendants as to Count Six (breach of the operating agreement) and Count Eight (tortious breach of the implied covenant) but denied summary judgment as to Count Seven (non-tortious breach of the implied covenant), Count Nine (negligent misrepresentation), and Count Ten (fraud). (*Id.* at 47-61.)

**DISCUSSION**

Defendants ask the Court to reconsider the denial of summary judgment on Counts Nine and Ten. They contend they are entitled to summary judgment on those counts because (1) ECH has never distributed, to its members, the $2.675 million in proceeds it received from the Kahala acquisition, (2) the ECH Operating Agreement only entitles members to share in distributions, and (3) Cramton therefore "has not established and cannot establish any recoverable damages under Counts Nine and Ten." (Doc. 249 at 2, 4-6.)

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). *See also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances") (citations omitted). The Local Rules further state that a motion for reconsideration should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g).

Reconsideration is not warranted here because Defendants are belatedly attempting to raise an argument they could have raised—but, for whatever reason, chose not to raise—in their summary judgment motion. As discussed in detail in the December 23, 2019 order,

Defendants' motion identified five reasons why they were purportedly entitled to summary judgment on both Counts Nine and Ten,[1] two additional reasons why they were purportedly entitled to summary judgment on Count Nine,[2] and one additional reason why they were purportedly entitled to summary judgment on Count Ten.[3] The argument they now wish to advance was not one of those eight arguments.

Moreover, Defendants seemed to concede at points in their summary judgment briefing that Cramton *had* sustained financial losses by resigning from the company in September 2017 and thus missing out on the subsequent Kahala acquisition: "The evidence demonstrates that Cramton impulsively resigned as . . . Manager of ECH, and took a salaried job with Defendants' competitor. She then filed this lawsuit, asserting contrived claims against Defendants *in an attempt to recover from her self-imposed losses*." (Doc. 172 at 2, emphasis added.) Having failed to obtain summary judgment under this theory, Defendants cannot advance a new summary judgment argument—based on old facts—through the guise of a motion for reconsideration.[4]

Finally, Defendants also request, in the alternative, an order under 28 U.S.C. § 1292(b) certifying for interlocutory review a pair of issues concerning the applicability of

---

[1] Doc. 247 at 55 ["Defendants raise five summary judgment arguments that apply equally to Counts Nine and Ten: (1) 'Keely's present-tense representation—that Kahala rejected the deal then before it—is true'; (2) 'Keely made no representation about future deals'; (3) 'Cramton's alleged reliance was not justified'; (4) Counts Nine and Ten are barred by the ELR [economic loss rule]; and (5) because Cramton's resignation from GGS on September 14, 2017 gave Keely the option, under Section 9.3 of the Operating Agreement, to repurchase Cramton's shares for $1, Cramton cannot have been damaged by any subsequent misrepresentations. (Doc. 143 at 5, 13-17, 20-22.)"].)

[2] Doc. 247 at 58 ["Defendants move for summary judgment on Count Nine, the negligent misrepresentation claim, on two additional grounds: (1) there was no duty owed and (2) such a claim cannot be premised on a promise of future conduct. (Doc. 143 at 17-18.)"].)

[3] Doc. 247 at 60 ["Defendants move for summary judgment on Count Ten, the fraud count, on the additional ground that Cramton hasn't identified any evidence that Keely *knew* at the time of her challenged statement on September 18, 2017 that a future deal with Kahala remained possible, so Cramton cannot establish Keely's fraudulent intent to deceive. (Doc. 143 at 18-20.)"].)

[4] The Court acknowledges that Defendants' current counsel did not draft and file the summary judgment motion. But a change in counsel does not authorize a party's successor counsel to raise new arguments for the first time ten months after the summary judgment deadline.

the economic loss rule ("ELR"). (Doc. 249 at 6-10.)

This request will be denied. *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) ("The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court. As such, [e]ven when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification.") (citation and internal quotation marks omitted). Certification is proper only when, *inter alia*, "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation," *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), the Court concludes the material-advancement requirement isn't satisfied here. The Final Pretrial Conference in this case has already been set (Doc. 248) and the Court anticipates that trial will take place sometime in mid-2020. Regardless of whether Defendants are correct about the applicability of the ELR, Cramton will still be able to advance one contract-based claim (Count Seven) seeking a portion of the Kahala proceeds and Cramton has also asserted a minimum wage claim (Count Four) and a breach-of-contract claim (Count Five) that have nothing to do with the issues Defendants wish to certify. Certification would be inappropriate under these circumstances. *See, e.g., U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ("[Section 1292(b) is] to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. . . . This unexceptional contract litigation presents, at most, nothing more than an uncertain question of law relevant to only one of several causes of action alleged below, and no disposition we might make of this appeal on its merits could materially affect the course of the litigation in the district court."); *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994) ("When litigation will be conducted in substantially the same manner regardless of our decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.").

Accordingly, **IT IS ORDERED** that Defendants' motion for reconsideration (Doc. 249) is **denied**.

Dated this 7th day of January, 2020.

Dominic W. Lanza
United States District Judge