**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton,<br><br>Plaintiff,<br><br>v.<br><br>Grabbagreen Franchising LLC, et al.,<br><br>Defendants. | No. CV-17-04663-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to seal (Doc. 257), which seeks to seal portions of her Motion in Limine No. 3 ("MIL 3") and Motion in Limine No. 4 ("MIL 4"), redacted versions of which are filed (Docs. 260, 261) and unredacted versions of which are lodged under seal (Docs. 263, 264).

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To do so, the party generally must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for

its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

This "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016). A lower standard applies to "sealed materials attached to a discovery motion unrelated to the merits of a case," which requires only that a party establish "good cause" for sealing. *Id.* at 1097. Motions in limine are not discovery motions, and the Ninth Circuit has stated that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case." *Id.* at 1099. Plaintiff's motion to seal assumes that the "compelling reasons" standard applies. (Doc. 257 at 2.)

The arguments proffered in Plaintiff's motion do not satisfy the "compelling reasons" standard. Plaintiff's contention that the material was designated confidential under the Court's protective order is unavailing—that does not justify sealing. (Doc. 57 at 6 [protective order: "Before any [materials designated as confidential] are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal."].) Additionally, although some of the topics addressed in MIL 3 and MIL 4 may be embarrassing and unflattering, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179. Finally, although it is true that many "district courts in the Ninth Circuit have held that the 'sensitive and confidential nature of medical records' is a compelling reason that" justifies sealing such records, *Gary v. Unum Life Ins. Co. of Am.*, 2018 WL 18111470, *3 (D. Or. 2018) (canvassing cases), MIL 3 and MIL 4 do not contain information gleaned from anyone's medical records.

…

…

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to seal (Doc. 257) is **denied**. The lodged, unredacted versions of MIL 3 and MIL 4 will remain lodged under seal and will not be filed. The redacted versions of MIL 3 and MIL 4 are struck. Plaintiff may file unredacted versions of MIL 3 and MIL 4 (or may make another attempt at justifying sealing) by **March 4, 2020.**

Dated this 26th day of February, 2020.

Dominic W. Lanza
United States District Judge