**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' motion, pursuant to Rule 201 of the Federal Rules of Evidence, to take judicial notice of two categories of facts. (Doc. 308.) First, Defendants seek judicial notice of sections 29-681.C and 29-681.D of the Arizona Limited Liability Company Act because those statutory provisions are "not subject to reasonable dispute" and are incorporated by reference into the ECH Operating Agreement. (*Id.* at 2-4.) Second, Defendants seek judicial notice of an array of specific facts concerning Hurricane Irma, which made landfall in Florida in September 2017. (*Id.* at 4-6.) Defendants contend these facts will be useful at trial because "[t]he central events of this case under Counts VII, IX and X during the crucial period of discussions with Kahala in August 2017 through the call on September 18, 2017 occurred within days before or after, or at the very same time as, the development, approach, impact and immediate aftermath of Hurricane Irma on the State of Florida and the Defendants." (*Id.*)

Cramton opposes Defendants' motion. (Doc. 313.) As for the statutory provisions, Cramton argues that Rule 201 only permits judicial notice of adjudicative facts, not

legislative enactments, and that the appropriate way to introduce legislative enactments at trial is through jury instructions. (*Id.* at 1-2.) As for Hurricane Irma, Cramton argues that although "[s]eeking judicial notice of Hurricane Irma at least facially falls under the scope of Rule 201 . . . much of what is included in the judicial notice is not relevant." (*Id.* at 2.) Cramton elaborates that "[t]he projected tracking of the hurricane, what it did over Cuba, and where it made landfall has no impact on a September 18, 2017 phone call. At most what matters is the impact that it had on Defendants, which Keely Newman can testify to without the Court needing to take judicial notice." (*Id.*)

As an initial matter, the Court notes that the statutory provisions and Hurricane Irma only pertain to some of the remaining counts in this case—specifically, Counts Seven, Nine, and Ten. At the time Defendants filed their motion, the trial on those counts looked like it would be a jury trial. However, the Court subsequently granted a different motion by Defendants to strike Cramton's jury demand as to those counts. (Doc. 345.) Thus, to the extent Defendants' purpose in seeking judicial notice was to obtain additional jury instructions at trial, *see* Fed. R. Evid. 201(f), their request may be moot.

In any event, with respect to the statutory provisions, the Court agrees with Cramton that Rule 201—which is the only source of authority cited in Defendants' motion—does not provide a basis for taking judicial notice of them. *See, e.g., Lemieux v. Cwalt, Inc.*, 2017 WL 365481, *1 (D. Mont. 2017) ("Plaintiffs ask the Court to take judicial notice of several federal and Montana statutes, regulations, and published court decisions. But because these statutes, cases, and regulations are 'legislative facts' rather than 'adjudicative facts,' they are not appropriate for judicial notice."). *See also* Fed. R. Evid. 201, adv. comm. note to 1972 amendments ("This is the only evidence rule on the subject of judicial notice. It deals only with judicial notice of 'adjudicative' facts. No rule deals with judicial notice of 'legislative' facts. . . . The omission of any treatment of legislative facts results from fundamental differences between adjudicative facts and legislative facts."); *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 322 (1st Cir. 2004) (Lipez, J., concurring) ("Although judicial notice of fact and judicial notice of law share

the phrase 'judicial notice,' they draw on different rules of practice. Rule 201 'governs only judicial notice of adjudicative facts.' Judicial notice of law is outside the scope of Rule 201, and derives from practical considerations and case law that do not rely on Rule 201 or principles of evidence.") (citations omitted).

As for Hurricane Irma, Cramton does not dispute the accuracy of any of the facts set forth in Defendants' motion, or that the facts qualify as "adjudicative" for purposes of Rule 201, so the only disputed issue is each fact's relevance. The Court agrees with Cramton that some of the facts are too granular to be helpful—for example, it is unclear why it is necessary to take notice of a lengthy series of satellite images (Doc. 308-1 at 16-35). Thus, the Court will decline to take judicial notice of those particular facts. *See, e.g., Pearson v. Arizona*, 2020 WL 5544373, *2 (D. Ariz. 2020) ("Although relevance is not explicitly required to satisfy Rule 201, the Ninth Circuit has declined to take judicial notice of facts that are irrelevant.") (citations omitted); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 793 (8th Cir. 2012) ("Courts are not required to take judicial notice of irrelevant materials."). On the other hand, the Court accepts that some details concerning Hurricane Irma may be relevant in providing context for Defendants' mental state during some of the key events in this case. Accordingly, the Court will take judicial notice that: (1) on September 4, 2017, the Florida Governor declared a state of emergency due to Hurricane Irma's impending arrival; (2) between September 6-8, 2017, projections by the National Oceanic and Atmospheric Administration ("NOAA") showed a possible direct hit by the eye of Hurricane Irma on the east coast of Florida; and (3) on September 10, 2017, Hurricane Irma struck Florida twice, first in the Florida Keys and then on Marco Island.

Accordingly, **IT IS ORDERED** that Defendants' motion for judicial notice (Doc. 308) is **granted in part and denied in part**, as discussed above.

Dated this 15th day of October, 2020.

Dominic W. Lanza
United States District Judge