WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

Pending before the Court is a somewhat unusual ethical and evidentiary question—whether attorney Kelli Newman ("Counsel"), who was once named as a defendant in this action, may represent the remaining defendants (one of whom is her spouse) during the upcoming bench trial even though she is also expected to testify as a witness during the bench trial and even though the parties have invoked Federal Rule of Evidence 615, the so-called rule of exclusion. For the following reasons, the Court concludes that Counsel may serve as trial counsel.

**RELEVANT BACKGROUND**

Plaintiff Kim Cramton ("Cramton") initially asserted claims in this action against five different defendants: Grabbagreen Franchising, LLC ("GFL"), Eat Clean Operations, LLC ("ECO"), Eat Clean Holdings, LLC ("ECH"), Keely Newman, and Counsel, who is Keely Newman's spouse. (Doc. 88.) However, the claims against Counsel were dismissed at summary judgment (Doc. 247) and the claims against ECO have been stayed due to ECO's bankruptcy (Doc. 255). Additionally, the Court recently determined that Cramton

waived her right to a jury trial with respect to her remaining claims against ECH and Keely Newman. (Doc. 345 at 21-39.) A bench trial on those claims is scheduled to begin on December 10, 2020. (Doc. 348.)[1]

In the joint proposed final pretrial order, the parties identified Counsel as a potential trial witness. (Doc. 303 at 90, 101.) Around that time, Counsel also filed a notice of appearance on behalf of ECH and Keely Newman. (Doc. 311.) Given those developments, the Court issued an order requiring Counsel to submit a brief "no later than 30 days prior to the trial in this case addressing . . . whether [she] may appear as trial counsel consistent with E.R. 3.7(a), Arizona Rules of Professional Conduct." (Doc. 312.) Later, the Court clarified that Counsel's brief also should address whether her "joint role as fact witness and counsel may be harmonized with counsel's invocation of Rule 615, which would otherwise bar [her] from being present in court except while testifying." (Doc. 348.)

Counsel has now filed the requested brief, arguing that her participation as trial counsel would not violate ER 3.7 or Rule 615. (Doc. 357.)

**DISCUSSION**

I. <u>ER 3.7</u>

The District of Arizona has adopted, by local rule, the Arizona Rules of Professional Conduct. *See* LRCiv 83.2(e). Accordingly, this Court must follow those rules when deciding whether Counsel's dual role as trial witness and trial counsel is permissible. *Unified Sewerage Agency v. Jelco Inc.*, 646 F.2d 1339, 1342 n.1 (9th Cir. 1981) (holding that Oregon's ethical rules governed disqualification issue because "the United States District Court for the District of Oregon has adopted as its rules the disciplinary rules of the State Bar of Oregon" but "express[ing] no opinion on the law to apply where the district court has not designated the applicable rules of professional responsibility"). *See also Quatama Park Townhomes Owners Ass'n v. RBC Real Est. Fin., Inc.*, 365 F. Supp. 3d 1129, 1136-37 (D. Or. 2019) ("When considering a motion to disqualify counsel in the

---

[1] Cramton's remaining claim against GFL has been severed. (Doc. 345 at 39.) Following the bench trial, the parties will address whether and when to commence a jury trial on that claim. (*Id.*)

1    Ninth Circuit, at least when a district court has adopted by local rule the ethical code
2    governing lawyers promulgated by the state in which that court sits, federal courts are
3    directed to apply the law of the forum state . . . .").

4    Here, the applicable Arizona ethical rule is ER 3.7, which is entitled "Lawyer as
5    Witness." It provides as follows:

> (a)   A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>   (1)   the testimony relates to an uncontested issue;
>
>   (2)   the testimony relates to the nature and value of legal services rendered in the case; or
>
>   (3)   disqualification of the lawyer would work substantial hardship on the client.
>
> (b)   A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by ER 1.7 or ER 1.9.

*Id.* The comments to ER 3.7 suggest that a court may order disqualification based on a rule violation even if, as here, the opposing party has not moved for disqualification. *See* ER 3.7, cmt. 2 ("The tribunal has proper objection when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness.").

In her brief, Counsel argues that because ER 3.7 is intended "to guard against the confusion and prejudice at trial caused when a jury hears from a lawyer both in her capacity as an advocate . . . and in her capacity as a witness," it doesn't apply in bench trials. (Doc. 357 at 2-4, emphasis omitted.) Alternatively, Counsel argues that her participation as trial counsel wouldn't violate ER 3.7 for two reasons: (1) the rule only applies to a "necessary witness," yet she will be testifying "largely [as] a historian" and "some" of her testimony "is likely to be uncontested"; and (2) her "depth of knowledge and familiarity with the facts and exhibits in this case" exceeds that of her co-counsel, who "joined the defense so late in the case." (*Id.* at 1-2.)

The Court agrees that disqualification is not required under these facts. As an initial matter, there is a strong argument that ER 3.7 should be deemed inapplicable in bench trials

and other non-jury proceedings. The main point of the rule is to avoid confusing the trier of fact. As the comments to Rule 3.7 explain, because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others," "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." *See* ER 3.7, cmt. 2. Here, because the Court will be acting as the trier of fact, there is no risk of such confusion. *Cf. Shore v. Mohave County*, 644 F.2d 1320, 1322-23 (9th Cir. 1981) ("Since this was a bench trial, there was little danger under the circumstances that the court would have been unduly impressed by the expert's testimony or opinion."). Although Arizona courts don't appear to have addressed this issue, many other courts, including the Fifth Circuit, have concluded that ethical rules similar to Arizona's ER 3.7 are inapplicable in this circumstance. *See, e.g., Crowe v. Smith*, 151 F.3d 217, 233-34 (5th Cir. 1998) ("[A]s numerous courts and commentators have recognized, the only justification for the attorney testimony rule that might be viewed as affecting the rights of the opposing party is that derived from the fear that the jury will either accord such testimony undue weight, or will be unable to distinguish between the attorney's testimony, offered under oath, and his legal argument, offered in rhetorical support of his client's case. As the majority of these courts have also recognized, this justification is inapplicable where, as here, the testimony is made to a judge, not a jury.") (citations omitted).[2]

---

[2] *See also Gordon v. Jordan Sch. Dist.*, 2020 WL 4747763, *3 (D. Utah 2020) (denying disqualification motion in part because "this case there will be a bench trial. Although Rule 3.7(a) is not limited to jury trials, courts have found that its primary purpose is to avoid 'jury confusion at trial.' There will thus be no jury confusion at trial and this court is confident that it can distinguish between Mr. Gordon's dual roles") (citations omitted); *Darnell v. Merchant*, 2017 WL 2618823, *5 (D. Kan. 2017) ("The primary rationale . . . is to prevent potential jury confusion in the unusual circumstance where an advocate for a client would be called on to testify. . . . [T]he rule should not apply to non-jury proceedings, as the underlying policy concerns necessitating the rule (namely, avoiding jury confusion) would not apply.") (emphasis omitted). *But see Merchant & Gould, P.C. v. Premiere Glob. Servs., Inc.*, 2010 WL 11646623, *5 (D. Minn. 2010) ("Rule 3.7 does not differentiate between jury and bench trials for the purpose of determining whether a lawyer is likely to be a necessary witness at trial or whether the lawyer should be precluded from acting as both advocate and witness. . . . [E]ven if the trier of fact, in this case Judge Tunheim, would not be confused by Clifford's simultaneous role as witness and advocate at trial, defendants are entitled to a proceeding free of the taint that can result from Clifford's dual roles.").

Moreover, even if ER 3.7 were deemed applicable here, it would not require Counsel's disqualification. As the Arizona Supreme Court has explained, "the *sine qua non* for disqualification under ER 3.7" is that the attorney "is a *necessary* witness." *Sec. Gen. Life Ins. Co. v. Superior Ct.*, 718 P.2d 985, 988 (Ariz. 1986). "[T]here is a dual test for 'necessity.' First the proposed testimony must be relevant and material. Then it must also be unobtainable elsewhere." *Id.* These prerequisites have not been satisfied here. In the Final Pretrial Order, Cramton merely identified Counsel as a witness "who may be called at trial" (as opposed to a witness "who will be called at trial") and did not provide any description of her anticipated testimony. (Doc. 310 at 90.) Similarly, ECH and Keely Newman described Counsel as a potential, but not necessary, witness. (*Id.* at 99.) Such showings have been deemed insufficient to trigger disqualification. *Cf. Security General*, 718 P.2d at 988 ("A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.").

Alternatively, even if Counsel somehow did qualify as a "necessary" witness, the Court would decline to order her disqualification because this outcome "would work substantial hardship on the client." *See* ER 3.7(a)(3). Counsel has been involved in these proceedings, in one capacity or another, for over three years. Her current co-counsel, in contrast, did not appear until after discovery ended and after the summary judgment briefing process was complete. (Doc. 187.) Under these facts, and in light of the questionable necessity of Counsel's anticipated testimony, the Court concludes it would be inequitable to order her disqualification. *Cf. Security General*, 718 P.2d at 988 ("[T]he importance of the right to have the counsel of one's choice require[s] careful scrutiny of the facts before [disqualification under ER 3.7] is permitted.").

II.  Rule 615

Keely Newman and ECH have invoked Rule 615, the rule of exclusion. (Doc. 347.) Rule 615 provides as follows:

> At a party's request, the court must order witnesses excluded so that they

- 5 -

> cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person;
>
> (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
>
> (c) a person whose presence a party shows to be essential to presenting the party's claim or defense; or
>
> (d) a person authorized by statute to be present.

*Id.*

At first blush, Rule 615 would seem to require Counsel's exclusion from the courtroom during the testimony of other witnesses. This would obviously interfere with her ability to serve as trial counsel. Accordingly, Counsel argues she falls within Rule 615(c)'s exception for "a person whose presence a party shows to be essential to presenting the party's claim or defense." (Doc. 357 at 4-5.)

The Court agrees. In *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912 (9th Cir. 2005), the Ninth Circuit confronted an analogous situation. There, after the plaintiff (Milicevic) bought a Mercedes S-500 for nearly $100,000, the car began experiencing mechanical problems. *Id.* at 914. In response, Milicevic arranged for her attorney (Gellner) to write a letter and make phone calls to the manufacturer and dealer. *Id.* Milicevic, represented by Gellner, then brought a "lemon law" lawsuit against the manufacturer and dealer. *Id.* The defendants, in turn, identified Gellner as a trial witness (due to his role in writing the letter and making the phone calls) and argued he should be "exclude[d] . . . from the courtroom while other witnesses were testifying" under Rule 615. *Id.* The district court denied the exclusion request and the Ninth Circuit affirmed, holding that Gellner's presence in the courtroom was permissible under Rule 615(c) because, *inter alia*, "Gellner had represented Milicevic from the beginning of the claim process, and Milicevic had special reasons for insisting he continue as one of her attorneys." *Id.* at 916.[3]

---

[3] The district court in *Milicevic* placed several limitations on Gellner's participation at trial (including barring him from examining witnesses on issues about which he had first-hand knowledge, requiring his co-counsel to conduct his examination, and requiring

- 6 -

In reaching this result, the Ninth Circuit cited, with approval, the Eighth Circuit's decision in *United States v. Reeder*, 614 F.2d 1179 (8th Cir. 1980). *Reeder* was a multi-defendant criminal case in which one defendant (Reeder) believed his co-defendant's attorney (Sexton) could provide exculpatory testimony on his behalf. *Id.* at 1185-86. Reeder moved for severance, arguing that the ethical rules and Rule 615 would otherwise prevent Sexton from serving as a trial witness, but the district court denied the severance request and the Eighth Circuit affirmed, holding that "Sexton could have been called as a witness [during the joint trial] if Reeder or his counsel felt it necessary" because Rule 615(c) "clearly would allow Sexton to remain present in the courtroom as an exception to the exclusionary rule for witnesses." *Id.* at 1186.

In light of *Milicevic* and *Reeder*, the Court concludes that Counsel may be present in court throughout the bench trial, notwithstanding her status as a potential witness, because ECF and Keely Newman have established that her "presence" will be "essential to presenting [their] claim or defense." *See* Fed. R. Evid. 615(c).

Dated this 12th day of November, 2020.

_____
Dominic W. Lanza
United States District Judge

---

his co-counsel to make Milicevic's opening statement and closing argument) in an effort to minimize any prejudice. *Id.* at 915. Although the Ninth Circuit identified these limitations as part of the reason why it was affirming the district court's denial of the exclusion motion, it did not suggest that exclusion would have been required but-for the limitations. *Id.* at 916.