**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

The bench trial in this action is scheduled to begin on December 10, 2020. During a recent status conference, Defendants Eat Clean Holdings, LLC and Keely Newman (together, "Defendants") asked whether certain out-of-state witnesses would be permitted to testify remotely at trial, via video teleconference, in light of the COVID-19 pandemic. (Doc. 348.) In response, the Court ordered the parties to meet and confer about the issue and then submit briefing if they were unable to reach an agreement. (*Id.*)

The parties have now submitted their briefing. Defendants have identified eight out-of-state witnesses they would like to call remotely. (Doc. 354 at 1.) Plaintiff Kim Cramton ("Plaintiff") agrees that six of those witnesses (Price, Gitt, Mills, Ferrell, Glines, and Mavros) may testify at trial via video teleconference. (*Id.*)[1] However, Plaintiff objects

---

[1] Plaintiff has only agreed these witnesses may testify via video teleconference and does not agree they may testify via an audio-only link. (Doc. 359 at 2.) Midway through the briefing cycle, the Court was informed that video teleconferencing would be unavailable during trial due to logistical and bandwidth limitations. (Doc. 356.) Upon receiving this information, the Court immediately relayed it to the parties. (*Id.*) However, since then, the Court has been informed that the availability of video teleconferencing during trial has been restored. The Court sincerely apologies to the parties for providing inconsistent information on this topic. In any event, given the most recent clarification,

to the introduction of remote testimony from the remaining two witnesses, Griffin and Modders. (*Id.* at 1-2.)

Defendants argue that Griffin and Modders should be allowed to testify remotely because (1) both witnesses "have health conditions and are afraid of the risk to their health and lives to fly to Phoenix to be in the Courthouse and to be around other people in the process who may be inflected with Covid 19" and (2) both witnesses are expected to provide important testimony, as they were percipient witnesses to some of the key events in this case (phone calls between Plaintiff and Keely Newman), and their exclusion would be prejudicial to Defendants. (Doc. 358.) Plaintiff, in turn, argues that Griffin should be required to testify in person because (1) Defendants didn't disclose Griffin as a potential witness until the final day of the discovery period, (2) Griffin's expected testimony is inadmissible hearsay, and (3) because Griffin's expected testimony concerns a key issue, "this is precisely the type of witness whose credibility needs to be examined by the trier of fact." (Doc. 354 at 1-2.) Finally, Plaintiff argues that Modders should be required to testify in person because (1) "she is located in Canada and not within the United States" so this Court will be "unable to enforce her oath to testify truthfully . . . and/or hold her in contempt if such a need arose" and (2) her expected testimony is cumulative and irrelevant. (*Id.* at 1.)

The parties' dispute is governed by Rule 43(a) of the Federal Rules of Civil Procedure. Rule 43(a) provides that, although witness testimony at trial ordinarily "must be taken in open court," a district court "may permit testimony in open court by contemporaneous transmission from a different location" upon a showing of "good cause in compelling circumstances and with appropriate safeguards." The 1996 advisory committee notes to Rule 43(a) explain that "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different

---

there is no need to address Plaintiffs' audio-only objection to the other six witness and Defendants' request to submit supplemental briefing on this topic (Doc. 360) is denied as moot.

place." *Id.* (quoted in *Palmer v. Valdez*, 560 F.3d 965, 969 n.4 (9th Cir. 2009)).  The 1996 advisory committee notes further explain that "[g]ood cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission."

Given these standards, the Court concludes that "good cause" and "compelling circumstances" exist to allow all eight of the above-mentioned witnesses (the six uncontested witnesses and two contested witnesses) to testify remotely at trial via video teleconference.  Courts have not hesitated to find that the COVID-19 pandemic justifies allowing out-of-state witnesses to testify remotely in civil trials.  *See, e.g., Guardant Health, Inc. v. Foundation Medicine, Inc.*, 2020 WL 6120186, *3 (D. Del. 2020) ("Courts, including this Court, are regularly determining that the ongoing COVID-19 pandemic constitutes good cause for remote testimony."); *In re RFC & ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971-72 (D. Minn. 2020) (granting motion to allow out-of-state witnesses to testify via video teleconference because "the occurrence of COVID-19—and its impact on the health and safety of the parties and witnesses—is undoubtably an unexpected occurrence that nevertheless still permits witnesses to testify from a different place").  Moreover, Plaintiff doesn't dispute Defendants' contention that Griffin and Modders suffer from health conditions that render them particularly susceptible to complications arising from COVID-19.  This constitutes a particularly compelling reason to allow them to testify remotely.

There is no merit to Plaintiff's argument that "good cause" and "compelling circumstances" are lacking because the testimony of Griffin and Modders may end up being deemed inadmissible at trial on hearsay and/or cumulativeness grounds.  The inquiry under Rule 43(a) turns on whether the witness is unable to attend trial for unexpected reasons.  Whether the witness's testimony may prove objectionable under the Federal Rules of Evidence is a different matter that is best resolved during trial.  In any event, the Court currently lacks enough information to decide, as a categorical matter, whether Griffin's and Modders's anticipated testimony will be hearsay and/or cumulative.

Nor is there any merit to Plaintiff's argument that Modders's presence in a foreign country eliminates the possibility of remote testimony under Rule 43(a). In *Hadad v. United Arab Emirates*, 496 F.3d 658 (D.C. Cir. 2007), the defendant opposed a request for a foreign witness to testify "from Egypt by Internet video" under Rule 43(a), arguing—just as Plaintiff argues here—that the "testimony was effectively unsworn because, with no extradition treaty between the United States and Egypt, [the witness] could not be prosecuted for perjury." *Id.* at 668-69. The district court rejected this argument, allowing the foreign witness to testify, and the D.C. Circuit affirmed. *Id. Hadad* is just one of many cases in which courts have invoked Rule 43(a) to allow foreign witnesses to testify remotely and Plaintiff has not identified any decision holding otherwise. *See, e.g., Lopez v. Miller*, 915 F. Supp. 2d 373, 396 & n.9 (E.D.N.Y. 2013) (Dominican Republic); *Virtual Architecture, Ltd. v. Rick*, 2012 WL 388507, *2 (S.D.N.Y. 2012) (Seychelles); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (Honduras); *Official Airline Guides, Inc. v. Churchfield Publications, Inc.*, 756 F. Supp. 1393, 1398 n.2 (D. Or. 1990) (United Kingdom).

Rule 43(a) also requires the Court to utilize "appropriate safeguards" when receiving remote witness testimony. Although "[t]he case law defining what constitutes appropriate safeguards is sparse . . . [t]he few cases that do address the issue appear to focus on ensuring that the purposes of Rule 43(a) are met—that the witness is giving live testimony, under oath, which is received in open court when the witness is subject to cross examination. Other important safeguards include taking steps to establish a reliable means of transmission and figuring out a fair and workable process for handling documents or other trial exhibits." *See* 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 43, at 1158-59 (2018) (footnote omitted). The Court will utilize such safeguards here. And because these safeguards will be in place, the Court is confident it will be able, as the trier of fact in the bench trial, to evaluate the remote witnesses' credibility (which is one of the reasons Plaintiff believes Griffin should be required to testify in person).

As a final matter, although the Court is otherwise persuaded that Griffin should be permitted to testify remotely at trial via video teleconference under Rule 43(a), Plaintiff's brief raises a separate issue that requires further discussion. As noted, Plaintiff objects to Defendants' remote-testimony request in part because Defendants didn't disclose Griffin as a potential witness until the final day of the discovery period. (Doc. 354 at 1.) In the Final Pretrial Order, Plaintiff has separately identified this untimely disclosure as a reason why Griffin should be precluded from testifying. (Doc. 310 at 95 ["Plaintiff objects to this witness as not being timely disclosed. This witness was not disclosed until the very last day of discovery in this case, preventing Plaintiff from deposing her or issuing any discovery related to her purported testimony."].) And in their response to Plaintiff's brief, Defendants seem to acknowledge that they disclosed Griffin on the last day of the discovery period. (Doc. 358 at 4 ["Griffin was disclosed as a witness prior to the close of discovery on January 4, 2019 . . . ."].)

The Court construes Plaintiff's objection in the Final Pretrial Order as a motion to preclude Griffin from testifying as a discovery sanction under Rule 37 of the Federal Rules of Civil Procedure. Although the parties have not briefed this issue in any depth, the Court's initial reaction is that Plaintiff's argument has some force. Courts have repeatedly held that it is improper to delay disclosing a key witness until the final day of the discovery period. *See, e.g., Jackson v. Am. Family Mut. Ins. Co.*, 2012 WL 845646, *3 (D. Nev. 2012) ("[T]he court finds Plaintiff's disclosure of these three witnesses is not timely. . . . [T]hese three witnesses, who were disclosed on the last day of the extended discovery cutoff, are friends of the Plaintiff who knew him before the March 20, 2004, accident. They were disclosed too late for Defendant to conduct formal or informal discovery."); *Lopez v. United Parcel Serv. Gen. Serv. Corp.*, 2006 WL 8441558, *2 (D. Nev. 2006) ("[A] party may not wait until the last day of discovery to disclose the identity of witnesses or documents that the party reasonably knows it may use in support of its claims or defenses. Such witnesses and documents should either be listed in the party's initial disclosures . . . or in a timely supplemental disclosure . . . ."). Nor does this appear to be a case where

- 5 -

Defendants unexpectedly learned Griffin's identity during the latter stages of the discovery process and then made a prompt effort to disclose her. To the contrary, Defendants describe Griffin as "a full-time employee of GFL as Keely's assistant and full-time resident in Keely's home/Grabbagreen office from January 2015 until her last day of employment on October 8, 2017." (Doc. 310 at 94.) Given this backdrop, the Court is struggling to understand why Defendants failed to disclose Griffin as a witness until after the time to notice depositions and conduct written discovery had effectively expired.

Having construed Plaintiff's objection as a motion, the Court will set deadlines for response and reply briefs on this issue.

Accordingly,

**IT IS ORDERED** that:

(1) Witnesses Price, Gitt, Mills, Ferrell, Glines, Mavros, and Modders may testify remotely at trial via video teleconference under Rule 43(a).

(2) Defendants must, by November 20, 2020, file a response (which may not exceed seven pages) addressing whether Griffin should be precluded from testifying as a sanction under Rule 37 based on late disclosure.

(3) Plaintiff may, by November 30, 2020, file a reply (which may not exceed five pages).

Dated this 13th day of November, 2020.

Dominic W. Lanza
United States District Judge