**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

The Court previously granted Defendants' request to allow certain witnesses to testify remotely at the upcoming bench trial but ordered supplemental briefing as to whether one of those witnesses, Tina Griffin, should be precluded from testifying as a sanction under Rule 37 based on late disclosure. (Doc. 362.) The Court has now reviewed the parties' supplemental briefing (Docs. 363, 364, 366) and rules as follows.

Plaintiff's request to preclude Griffin from testifying will be granted. It was improper for Defendants to wait to disclose Griffin as a witness until the very last day of the discovery period. This isn't a case where Defendants were unaware of Griffin's identity at the outset of discovery or had no reason to suspect at the outset of discovery that Griffin's testimony might be relevant. To the contrary, Griffin was living with Defendant Keely Newman, was present during the key event in this case (the phone call between Plaintiff and Newman), and is being offered to testify about that phone call. (Doc. 310 at 94.) Thus, Defendants' assertion that they didn't realize the significance of Griffin's testimony until hearing Plaintiff's deposition testimony, because that testimony included new allegations

of mistreatment that Griffin will be able to rebut (Doc. 363 at 4), is unpersuasive. Griffin isn't being offered (at least, according to Defendants' description of her anticipated testimony in the Final Pretrial Order) to testify about the general contours of the relationship between Plaintiff and Newman—instead, Griffin is being offered to testify about what she overheard during the fateful phone call. (Doc. 310 at 46, 53, 63, 94.)

For these reasons, it should have been apparent to Defendants from the outset of this case that Griffin, the sole non-party percipient witness to the key event on which liability turns, would be a key witness. Defendants were thus required to disclose Griffin in the initial disclosures they provided to Plaintiff pursuant to the Mandatory Initial Discovery Pilot Project ("MIDP"), which was in effect during the discovery process in this case. *See* D. Ariz. G.O. 17-08 ¶ B(1). Defendants could not, in contrast, wait until the last day of the discovery period and then "supplement" their disclosures by identifying Griffin for the first time. Supplementation is appropriate "when new or additional information is discovered or revealed," *id.* ¶ A(8), not to belatedly supply information that should have been provided at the outset. *Cf. Jackson v. Am. Fam. Mut. Ins. Co.*, 2012 WL 845646, *3 (D. Nev. 2012) ("[T]he court finds Plaintiff's disclosure of these three witnesses is not timely. . . . [T]hese three witnesses, who were disclosed on the last day of the extended discovery cutoff, are friends of the Plaintiff who knew him before the March 20, 2004, accident. They were disclosed too late for Defendant to conduct formal or informal discovery."); *Lopez v. United Parcel Serv. Gen. Serv. Corp.*, 2006 WL 8441568, *2 (D. Nev. 2006) ("[A] party may not wait until the last day of discovery to disclose the identity of witnesses or documents that the party reasonably knows it may use in support of its claims or defenses. Such witnesses and documents should either be listed in the party's initial disclosures . . . or in a timely supplemental disclosure . . . .").

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The purpose of this rule is to "'give[] teeth' to

- 2 -

Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed." *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011), *superseded by rule on other grounds as recognized in Shrader v. Papé Trucks, Inc.*, 2020 WL 5203459, *2 n.2 (E.D. Cal. 2020). "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

Here, Defendants' failure to properly disclose Griffin was neither substantially justified nor harmless. The absence of justification is addressed above. As for harmlessness, although Defendants fault Plaintiff for not seeking to reopen discovery upon receiving their belated disclosure, this argument amounts to impermissible burden-shifting and fails in any event because the Court would not have been inclined to reopen discovery under the circumstances.

Accordingly,

**IT IS ORDERED** that Plaintiff's request to preclude Griffin from testifying at trial (Doc. 364; Doc. 310 at 95) is **granted**.

Dated this 3rd day of December, 2020.

Dominic W. Lanza
United States District Judge