1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Kim Cramton,                          | No. CV-17-04663-PHX-DWL

10                   Plaintiff,             | **ORDER**

11   v.

12   Grabbagreen Franchising LLC, et al.,

13                   Defendants.

14

15         Pending before the Court is Plaintiff Kim Cramton's motion to dismiss, with

16   prejudice, the sole remaining claim in this case, which is her minimum wage claim in Count

17   Four against Defendant Grabbagreen Franchising LLC ("GFL"). (Doc. 447.)  For the

18   reasons that follow, the motion is granted.

19                              **BACKGROUND**

20         As recounted in more detail in previous orders (Doc. 444), Cramton originally

21   asserted an array of claims against an array of defendants, but some of those claims were

22   resolved via summary judgment (Doc. 247) and most of the remaining claims were

23   determined to be subject to contractual jury waivers (Doc. 345).  Given these rulings, and

24   in light of other considerations, the Court severed Cramton's minimum wage claim in

25   Count Four against GFL (as to which Cramton retained her right to a jury trial) from the

26   remaining claims and scheduled those claims for a bench trial.  (Doc. 345 at 39.)  During

27   the ensuing bench trial, Cramton prevailed on a related minimum wage claim she had

28   asserted against Defendant Keely Newman ("Keely"), obtaining an award of $50,871.

(Doc. 429.)  Afterward, the Court asked the parties how they intended to proceed with respect to Cramton's unresolved minimum wage claim against GFL.  (Doc. 430.)  Although Cramton initially suggested it might be necessary to hold a jury trial on that claim (Doc. 432), she has now changed course and seeks to dismiss her claim against GFL with prejudice.

Cramton's motion to dismiss is less than a page long.  (Doc. 447.)  Citing Rule 41(a)(2) of the Federal Rules of Civil Procedure, Cramton contends her dismissal request should be granted because GFL will "not lose any 'substantial right' by the dismissal" and instead will "benefit because the dismissal will be with prejudice and the parties will be free to seek fees and costs after entry of judgment."  (*Id.* at 1-2.)

GFL opposes Cramton's dismissal request.  (Doc. 449.)[1] GFL's essential argument is that Cramton shouldn't have prevailed during the bench trial on her minimum wage claim against Keely and the upcoming jury trial represents an opportunity "to present the documentary evidence that will demonstrate and expose [Cramton's] false claims," to "exonerate GFL from any [indemnification] claim Keely could assert against it arising from Count IV," and to "exonerate Keely and establish Keely as a prevailing party under Count IV."  (*Id.* at 4.)  For these reasons, GFL contends it would suffer plain legal prejudice from a dismissal.  (*Id.*)  GFL also contends that "[b]y dismissing the case right before the jury trial that Cramton demanded, insisted upon and fought for, GFL will suffer legal prejudice because Cramton's conduct caused GFL to incur substantial fees and costs in litigating this count for almost 4 years and in preparation for trial."  (*Id.* at 4.)  Finally, GFL argues in the alternative that if the Court were to consider granting Cramton's dismissal request, it should do so subject to the following three conditions: "(1) the Order should state that Count IV against GFL is 'dismissed with prejudice having been adjudicated upon the merits' . . . ; (2) the Order should state that GFL is the prevailing party on the merits of Count IV . . . ; and (3) Cramton should be required to pay all of GFL's legal fees and costs

---

[1]    GFL requested oral argument, but this request is denied because the issues are fully briefed and argument would not aid the decision process.  *See* LRCiv 7.2(f).

1    associated with" various matters.  (*Id.* at 7.)

2        In reply, Cramton characterizes GFL's position as "bewildering[]," argues that

3    "[t]here is absolutely no upside to Defendants seeking a jury trial on Plaintiff's minimum

4    wage claim against GFL, other than to unduly expand and delay litigation, and to harass

5    Plaintiff," contends that GFL wouldn't be entitled to attorneys' fees even if it prevailed on

6    Count Four following a jury trial, and explains that "[t]he only reason that [she] is will[ing]

7    to forego this right and jury trial against GFL (and her right to additional attorneys' fees),

8    is because Defendants have threatened that the result of this victory would be hollow, and

9    that Plaintiff will be unable to collect on any judgment against any of the Defendants."

10   (Doc. 450 at 3-4.)

11       Following submission of Cramton's reply, GFL sought and obtained leave to file a

12   sur-reply.  (Docs. 451, 452.)  In the sur-reply (Doc. 453), GFL provides information about

13   the parties' settlement negotiations (*id.* at 1-2 & n.1), explains why it believes it would

14   prevail on the merits during a jury trial on the minimum wage claim (*id.* at 2-9), states that

15   the Court could vacate the prior ruling against Keely following a ruling in GFL's favor (*id.*

16   at 9-10), and accuses Cramton of dishonesty (*id.* at 10-11).

                                    **DISCUSSION**

18       The Court is confronted with an unusual situation—a plaintiff wishes to dismiss all

19   of her claims against a particular defendant with prejudice, but that defendant refuses to

20   accept this unqualified victory and seeks to force the plaintiff to litigate her claims to

21   completion via jury trial.  Tellingly, GFL fails to identify any case denying a dismissal

22   request under analogous circumstances.

23       The analysis here is governed by Rule 41(a)(2) of the Federal Rules of Civil

24   Procedure.[2]  Rule 41(a)(2) provides, in relevant part, that "an action may be dismissed at

25   the plaintiff's request only by court order, on terms that the court considers proper" and

---

26   [2]    Although "Rule 41(a) governs dismissals of *entire actions*, not of individual
27   claims," "[m]ost courts have held that Rule 41(a) does properly apply when there are
     multiple defendants and the plaintiff wishes to dismiss all of its claims against one of the
     defendants."  *See* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary,
28   Rule 41, at 1244-45 (2021).  Here, Cramton seeks to dismiss all of her outstanding claims
     against GFL, so Rule 41(a) applies.

1    that "[u]nless the order states otherwise, a dismissal under this paragraph . . . is without

2    prejudice."

3           Most disputes over dismissal requests under Rule 41(a)(2) involve situations in

4    which the plaintiff seeks to dismiss *without* prejudice and the defendant identifies some

5    reason why it would be harmed by such a dismissal, such as the potential for future

6    litigation. *See, e.g., Westlands Water Dist. v. United States*, 100 F.3d 94 (9th Cir. 1996).

7    Thus, the test articulated by the Ninth Circuit for "ruling on a motion to dismiss without

8    prejudice" is "whether the defendant will suffer some plain legal prejudice as a result of

9    the dismissal." *Id.* at 96.  In that circumstance, "legal prejudice is just that—prejudice to

10   some legal interest, some legal claim, some legal argument.  Uncertainty because a dispute

11   remains unresolved is not legal prejudice." *Id.* at 97.

12          Here, Cramton does not seek a without-prejudice dismissal that would leave open

13   the possibility of future litigation against GFL.  Instead, she seeks to dismiss her claim

14   against GFL with prejudice and bring this litigation to a close.  Some courts have suggested

15   that such a request must always be granted.  For example, in *Smoot v. Fox*, 340 F.2d 301

16   (6th Cir. 1964), the Sixth Circuit granted a writ of mandamus after a district court denied

17   a plaintiff's motion to dismiss with prejudice, explaining:

18          Rule 41(a)(2) of the Federal Rules of Civil Procedure . . . contemplates the
19          dismissal by plaintiff of an action without prejudice and is clearly
             discretionary with the court.  All of the cases cited by respondent, supporting
20          the discretionary right of the court to dismiss cases on motion of the plaintiff,
             concern the dismissal without prejudice.  No case has been cited to us, nor
21          have we found any, where a plaintiff, upon his own motion, was denied the
             right to dismiss his case with prejudice. . . .  We know of no power in a trial
22          judge to require a lawyer to submit evidence on behalf of a plaintiff, when
23          he considers he has no cause of action or for any reason wishes to dismiss
             his action with prejudice, the client being agreeable. . . .  Dismissal of an
24          action with prejudice is a complete adjudication of the issues presented by
             the pleadings and is a bar to a further action between the parties. An
25          adjudication in favor of the defendants, by court or jury, can rise no higher
26          than this.

27

28   *Id.* at 302-03.  Meanwhile, although other courts have "reject[ed] a per se rule" that "the

1   court has no discretion to withhold dismissal when it is sought with prejudice," those courts

2   have "recogniz[ed] that there will be few occasions to deny such a motion." 1 Gensler,

3   Federal Rules of Civil Procedure, Rules and Commentary, Rule 41, at 1257 (2021). Thus,

4   the general rule is that "a district court will grant a plaintiff's motion to dismiss where the

5   motion is to dismiss *with prejudice*." *Id.* Additionally, "courts generally should not require

6   payment of attorney's fees as a condition of [with-prejudice] dismissal because the

7   defendant is not confronted with the risk of repeat litigation, although such a condition

8   might be appropriate in exceptional circumstances." *Id. See also Chavez v. Northland

9   Grp.*, 2011 WL 317482 (D. Ariz. 2011) (granting motion to dismiss with prejudice,

10  emphasizing that "[t]he fact that the dismissal is with prejudice, such that Plaintiff's claims

11  cannot be reasserted in another federal suit, supports a finding that the dismissal will cause

12  no legal prejudice," and declining to impose costs and fees as a condition of dismissal);

13  *Puello v. Citifinancial Servs., Inc.*, 2010 WL 1541503, *2-3 (D. Mass. 2010) (noting that

14  "[c]ertain judges . . . have taken a bright-line approach that grants voluntary motions to

15  dismiss where, as here, a plaintiff moves to dismiss his claims with prejudice" and

16  explaining that the justifications for the bright-line approach include "that dismissal with

17  prejudice is appropriate because it provides complete protection to the defendant" and that,

18  "based on concerns of practicality and logistics," a court has no practical ability to force a

19  plaintiff to litigate a claim).

20       With this backdrop in mind, GFL faces an uphill climb. Even assuming the *per se*

21  rule discussed in *Smoot* doesn't apply, GFL has not identified a persuasive (let alone

22  extraordinary) reason why Cramton's voluntary-dismissal-with-prejudice request should

23  be denied or subjected to the conditions proposed in GFL's brief. Cramton asserted her

24  minimum wage claim against GFL in good faith and was prepared to litigate it concurrently

25  with her minimum wage claim against Keely. It was only after Defendants filed their jury-

26  waiver motion in June 2020 (Doc. 322)—that is, after the Final Pretrial Conference—that

27  Cramton's claim against GFL was unexpectedly severed from her claim against Keely.

28  Cramton then prevailed on her minimum wage claim against Keely in the bench trial,

1    obtaining an award of $50,871, and has explained that she is willing to dismiss her related

2    claim against GFL at this late juncture, despite having just prevailed on essentially the same

3    claim in the bench trial, because it is unclear whether GFL would be able to satisfy any

4    resulting judgment. This is a logical explanation for an outcome that is, in many ways,

5    extremely favorable to GFL—it avoids the possibility of GFL being held liable for damages

6    and avoids the accrual of more attorneys' fees and costs.

7          The Third Circuit's decision in *Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018),

8    provides a useful counterpoint in considering GFL's proposed conditions of dismissal.

9    There, the Third Circuit affirmed an award of attorneys' fees and costs as a condition of

10    granting the plaintiffs' motion to dismiss their claims with prejudice. *Id.* at 140. Although

11    the court noted that "attorneys' fees and costs should not typically be awarded in a Rule

12    41(a)(2) dismissal with prejudice," it also noted that "exceptional circumstances may

13    sometimes warrant granting such an award" and held that "[t]he facts of the instant case

14    exemplify such exceptional circumstances: a litigant's failure to perform a meaningful pre-

15    suit investigation, coupled with a litigant's repeated practice of bringing claims and

16    dismissing them with prejudice after inflicting substantial costs on the opposing party and

17    the judicial system." *Id.* at 149. Those are not remotely the facts here. Cramton developed

18    a legitimate claim, which has already resulted in a large award in her favor against an

19    individual defendant, and has chosen not to pursue that claim against a corporate co-

20    defendant out of concern that the corporate co-defendant may be judgment-proof.

21          Before concluding, it is important to make two final observations on the issue of

22    attorneys' fees and costs. First, although GFL asserts that "Cramton's conduct caused *GFL*

23    to incur substantial fees and costs in litigating this count for almost 4 years and in

24    preparation for trial" (Doc. 449 at 4, emphasis added), this assertion overlooks that Keely

25    (who is represented by the same counsel as GFL) was also named as a defendant in Count

26    Four and went to trial on that count. Defendants have not attempted to identify any

27    additional trial-related expenses, separate and apart from those arising from the defense of

28    the minimum wage claim against Keely in Count Four, that GFL incurred as a result of

being named a co-defendant in this count.   Second, although the Court is granting Cramton's motion to dismiss her claim in Count Four against GFL without conditions, Cramton acknowledges that nothing about this outcome precludes GFL (or any other party) from filing a motion for attorneys' fees and costs within 14 days of entry of judgment, should there be a valid basis for doing so.  (Doc. 447 at 2 ["[T]he parties will be free to seek fees and costs after entry of judgment under LRCiv 54.2."].)

Accordingly,

**IT IS ORDERED** that Cramton's motion to dismiss (Doc. 447) is **granted**.

**IT IS FURTHER ORDERED** that, because the disposition of this motion results in the resolution of all claims and counterclaims in this action, the Clerk shall enter judgment accordingly and terminate this action.

Dated this 23rd day of November, 2021.

Dominic W. Lanza
United States District Judge