**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim Cramton, | No. CV-17-04663-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grabbagreen Franchising LLC, et al., | |
| Defendants. | |

In an order issued on May 27, 2022, the Court partially granted Plaintiff Kim Cramton's motion for attorneys' fees and costs (Doc. 483), awarding her $210,820 in attorneys' fees payable by Defendant Keely Newman ("Keely") and $10,256 in attorneys' fees payable by Defendant Eat Clean Operations LLC ("ECO"), and also authorized Cramton "to file a supplemental application for the fees she incurred when responding to Defendants' reconsideration motions . . . and when responding to the order soliciting supplemental briefing on one of those motions." (Doc. 518 at 54.)

Now pending before the Court is Cramton's supplemental application. (Doc. 522.) Cramton seeks $15,862.50 in fees against Keely, which constitute the fees she expended when preparing her responses (Docs. 498, 500) to the reconsideration motions related to Count Four and the spoliation order (Doc. 467, 475), and $10,320.00 in fees against ECO, which constitute the fees she expended when preparing her responses (Docs. 499, 510) to the reconsideration motion related to Count Five and order soliciting supplemental briefing on that motion (Docs. 473, 508). The supplemental application is supported by

declarations from counsel substantiating the fee requests. (Doc. 522-1.)

Keely and ECO oppose Cramton's supplemental application. (Doc. 523.) They contend the fee request is inflated because it includes "multiple billers on the same activities or matters, duplication of fees, excessive time and time charges involving unsuccessful claims and matters or issues unrelated to Counts IV and V." (*Id.* at 1.) They conclude that any fee award should be limited to $4,302.70 against Keely and $4,720 against ECO. (*Id.* at 2.) They also identify, in an exhibit, their specific objections to individual billing entries. (Doc. 523-1.)

In reply, Cramton defends her fee request, arguing that any suggestion that "a paralegal could have done most of the work" is belied by a "cursory review of Defendants' motions," which "reveals the painstakingly detailed factual and legal analysis that Plaintiff needed to address in response." (Doc. 529.)

The Court has carefully considered the parties' arguments, including all of the specific objections to individual time entries raised by Keely and ECO, and concludes that Cramton's supplemental application should be granted in full. The work of Cramton's counsel in responding to the reconsideration motions (and order soliciting supplemental briefing) was reasonable and not duplicative in light of the volume and complexity of the arguments raised in the reconsideration motions. Nor does the fee request include time spent litigating unsuccessful claims and matters. As the Court explained in the May 27, 2022 order, Cramton is "entitled to recover the fees and costs she reasonably incurred when responding to Defendants' . . . spoliation-related Rule 59 motion[]" because that motion "sought the reversal of the judgment in Cramton's favor on Count Four." (Doc. 518 at 50.)

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that Cramton's supplemental application for attorneys' fees (Doc. 522) is **granted**. Cramton is awarded $15,862.50 in attorneys' fees payable by Defendant Keely Newman and is awarded $10,320.00 in attorneys' fees payable by Defendant Eat Clean Operations LLC.

Dated this 13th day of July, 2022.

Dominic W. Lanza
United States District Judge